UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICKI FANNING MCLEAN                          CIVIL ACTION


VERSUS                                        NO: 15-8


PRESIDENT OF THE UNITED STATES,               SECTION: R(4)
BARACK OBAMA, ET AL.

<u>**ORDER AND REASONS**</u>

Defendants President Barack Obama, former Presidents George H. Bush, George W. Bush, and William Clinton, former United States Attorneys General Eric Holder, John Ashcroft, Alberto Gonzales and Michael Mukasey, the United States Department of Justice, and the United States Federal Court System move to dismiss plaintiff Vicki McLean's claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[1]  The Court grants defendants' motions because the Court does not have jurisdiction over plaintiff's claims.


**I.   Background**

Plaintiff, proceeding pro se, filed the instant suit levying several allegations against various branches of the Federal Government.   The gravamen of plaintiff's suit is that all defendants "conspired together in racketeering activities" to:

> (1) murder plaintiff's husband, James McLean, in order to steal his designs for the "High Frequency Active Aurora Program," a "weather modification system" used by the Department of Defense to "create the Japan earthquake on

----

[1] R. Docs. 14 and 22.

3/11/2011;"

(2) launder money from the United States Medicare and Medicaid funds;

(3) "financially and physically attack" plaintiff, including several alleged assassination attempts; and

(4) prohibit plaintiff from disclosing defendants' activities by interfering with plaintiff's court filings and by stabbing her previous attorney.[2]

Plaintiff seeks monetary damages for all of these alleged harms.[3]

Defendants now move to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) arguing that the Court lacks subject matter jurisdiction. In the alternative, defendants argue that plaintiff has failed to plead a claim upon which relief may be granted under Rule 12(b)(6).


## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of a claim. In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Marrera-Montenegro v.*

---

[2] R. Doc. 1 at 3-7.

[3] *Id.* at 13 (styled as "restitution").

*United States*, 74 F.3d 657, 659 (5th Cir. 1996).  The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should dismiss only under the former without reaching the question of failure to state a claim.  *See Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).  Because the Court finds that plaintiff's claim must be dismissed under Rule 12(b)(1), it does not address the legal standard for dismissal under Rule 12(b)(6).


## III. Discussion

Defendants contend that federal sovereign immunity precludes the Court from exercising jurisdiction over plaintiff's claims. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).  Accordingly, suits against officials or agencies of the United States are barred if there is no waiver of sovereign immunity.  *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in the statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Absent an express waiver of

sovereign immunity, a federal court does not have jurisdiction to adjudicate claims against sovereign defendants. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature. [Thus,] the terms of [the United States'] consent to be sued in any court defines that court's jurisdiction to entertain the suit.") (internal quotation marks omitted). A plaintiff bears the burden of showing Congress' unequivocal waiver of sovereign immunity in a suit against federal agencies or officials. *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).

Here, plaintiff fails to carry her burden of demonstrating Congress's unequivocal waiver of sovereign immunity. Indeed, rather than attempt to demonstrate a waiver of sovereign immunity, plaintiff argues that "it is ridiculous to state [that] the United States as a sovereign nation is immune from being sued except if the United States has consented to be sued."[4] Unfortunately for plaintiff, "[t]he doctrine of sovereign immunity is inherent in our constitutional structure and . . . renders the United States [and] its departments immune from suit except as the United States has consented to be sued." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987).

As mentioned above, the gravamen of plaintiff's allegations are that the federal defendants "conspired together in racketeering

---

[4] R. Doc. 24 at 1.

4

activities" to cause harm to the plaintiff.[5]  Although plaintiff
does not ground her claims on any particular statute, the Court
reads plaintiff's complaint as asserting civil RICO liability under
18 U.S.C. § 1962.[6]  Section 1962, however, does not contain an
express waiver of sovereign immunity, *see* 18 U.S.C. § 1962, *et
seq.*, and every court to address the issue has found that the
Federal Government and its employees are immune from suit under the
civil RICO statute.  *See Hamrick v. Bush*, Civ. A. No. 04-5316, 2006
WL 1524593, at *1 (D.C. Cir. Jan. 26, 2006) (appellant has not
demonstrated that Congress waived sovereign immunity for civil RICO
claims); *United States v. Bonnanno Organized Crime Family of La
Cosa Nostra*, 879 F.2d 20, 22-23 (2d Cir. 1989) (review of
legislative history does not evince any congressional intent to
expose the United States to RICO liability); *McMillan v. Dep't of
Interior*, 907 F. Supp. 322, 326 (D. Nev. 1995), *aff'd* 87 F.3d 1320
(9th Cir. 1996), *cert. denied* 519 U.S. 1132 (1997) (holding that no
RICO statute waives the sovereign immunity of the United States or
its agencies); *Tipton v. Northrop Grumman Corp.*, Civ. A. No. 08-
1267, 2009 WL 2969505, at *2 (E.D. La. Sept. 10, 2009) (collecting
cases); *c.f. McNeily v. United States*, 6 F.3d 343, 350 (5th Cir.

---

[5] R. Doc. 1 at 3.

[6] Despite the confusing and inscrutable nature of
plaintiff's complaint, the Court has made every effort to
construe plaintiff's claims as broadly and favorably as possible.
*See Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078, 1081 (5th
Cir. 1991).

1993) (the United States may not be a proper defendant in a RICO suit); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (same). Additionally, to the extent that plaintiff is alleging violations of her civil rights, the Fifth Circuit "has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). *See also Unimex, Inc. v. U.S. Dep't of Housing & Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979) (sovereign immunity bars claims against federal government under 42 U.S.C. §§ 1981, 1982 and 1986).

Moreover, to the extent that plaintiff's claims are not barred by sovereign immunity, the Court finds that plaintiff's claims are facially frivolous and, therefore, fail to invoke the Court's jurisdiction. *See Dilworth v. Dallas Cnt. Comm. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996) ("When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court."). Indeed, the United States Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and insubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted). Plaintiff's claims here--that the current

6

and former Presidents and Attorneys General of the United States conspired along with the Department of Justice and the entire Federal Judicial System to murder her husband, steal his weather control device, and launder money from federal programs—fall within the category of claims so "fantastic and delusional" as to preclude the Court from exercising jurisdiction. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *See also Maringo v. McGuirk*, 268 F. App'x 309, 310 (5th Cir. 2008) ("Maringo's claims against McGuirk and her ghost are 'obviously frivolous' factually, and the district court's dismissal of them is affirmed based on the lack of subject matter jurisdiction."); *Gallop v. Chaney*, 642 F.3d 364, 386 (2d Cir. 2011) (affirming dismissal of complaint setting forth fantastical alternative history of the September 11, 2001 terrorist attack); *Degrazia v. FBI*, 316 F. App'x 172, 137 (3d Cir. 2009) (affirming dismissal because district court lacked jurisdiction over claims based on "fantastic scenarios lacking any arguable factual basis"); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (stating that complaints consisting of "fanciful claims," "bizarre conspiracy theories," or allegations of "fantastic government manipulations of [the plaintiff's] will or mind" are generally subject to dismissal under Rule 12(b)(1)); *Flores v. U.S. Attorney Gen.*, Civ. A. No. 14-198, 2015 WL 1088782, at *3 (E.D. Tex. Mar. 4, 2015) (finding no jurisdiction when "plaintiff's claims present either a delusional scenario due to some mental incapacity or a

poor attempt at entertaining oneself by filing a frivolous lawsuit"); *Whitehead v. White & Case, LLP*, Civ. A. No. 12-399, 2012 WL 1795151, at *2 (W.D. La. Apr. 19, 2012) (finding no jurisdiction over plaintiff's claim that President George W. Bush "retaliated against [plaintiff] for writing his college paper on the Persian Gulf War"); *Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006) (holding that the court lacked jurisdiction over plaintiff's "fundamentally incredible" claim that FBI attacked him with lasers and radiation).

## IV. Conclusion

For the foregoing reasons, the Court finds that it lacks jurisdiction over plaintiff's claims. Accordingly, the Court grants defendants' motions and hereby dismisses plaintiff's complaint.

New Orleans, Louisiana, this ___30th___ day of June, 2015.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE